**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose DELGADO–MIRANDA; a/k/a Jose Delgado, Defendant–Appellant.**

No. 91–30094.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 1991.*

Decided Dec. 13, 1991.

Peter Offenbecher, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Robert H. Westinghouse, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, THOMPSON and T.G. NELSON, Circuit Judges.

PER CURIAM:

On direct appeal from a conviction and sentence for illegal re-entry after deportation, this court reversed and remanded in October 1990 because of a violation of the Speedy Trial Act, 18 U.S.C. § 3161(b), 917 F.2d 566. The direction of the remand was to "determine whether to dismiss the charge and the complaint with or without prejudice." The Speedy Trial Act violation involved a delay of more than 30 days between arrest and indictment.

After remand the government moved to reinstate the former sentence and the motion was granted. The order recited that it was "pursuant to the Memorandum Opinion issued by the Ninth Circuit Court of Appeals."

The defendant moved for reconsideration because counsel had been denied an opportunity to be heard on the issue of dismissal with or without prejudice. That motion was denied. Delgado appeals.

The Speedy Trial Act lists three factors that a district court will consider in deciding whether to dismiss a complaint with or without prejudice:

the seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1).

The Court in *United States v. Taylor*, 487 U.S. 326, 344, 108 S.Ct. 2413, 2423, 101 L.Ed.2d 297 (1988), held that a district court abused its discretion when it dismissed with prejudice under the Speedy Trial Act, but failed to make factual findings and apply them to the relevant statutory factors. *Taylor*, 487 U.S. at 344, 108 S.Ct. at 2423. The Court found that the district court had not articulated the foundation for its ruling, making meaningful appellate review difficult. This court has held that *Taylor* applies equally to dismissals without prejudice. *United States v. White*, 864 F.2d 660, 661 (9th Cir.1988).

Neither the Supreme Court nor this court has decided whether the district court must hold a hearing before entering such a dismissal, whether the defendant is entitled to notice and an opportunity to be heard, and whether the defendant is entitled to counsel at such a hearing.

Some cases have simply assumed that the district court will conduct a hearing after a remand to determine whether dismissal should be with or without prejudice. *See, e.g., United States v. Tunnessen*, 763 F.2d 74, 79 (2nd Cir.1985) ("there is no need for a hearing [on remand] ... because we conclude that a decision to dismiss with prejudice would be an abuse of discretion"). *But see United States v. Russo*, 741 F.2d 1264, 1266 (11th Cir.1984) (district court initially determined issue of prejudice on remand without a hearing, although evidentiary hearing was later conducted following grant of petition for reconsideration).

We believe a defendant has a liberty interest in being free from reprosecution in violation of the Double Jeopardy Clause, and that a decision whether to dismiss without prejudice for a Speedy Trial Act violation impacts this liberty interest. Accordingly, we hold that before a district court can enter a dismissal without prejudice, and thereby permit the defendant's reprosecution, it must hold a hearing at which the defendant is entitled to counsel. The defendant must be given adequate notice of this hearing and be afforded an opportunity to be heard.

Here, the district court failed to make factual findings and apply them to the relevant statutory factors as required by *Taylor* and *White*. The district court also failed to hold any hearing whatsoever. Thus, the defendant had no notice nor did he have any opportunity to be heard before

the decision was made to permit his reprosecution.

 On remand, the district court will hold a hearing, at which Delgado–Miranda shall be entitled to counsel, adequate notice of that hearing shall be given and Delgado–Miranda shall be given an opportunity to be heard. In rendering its decision whether to dismiss with or without prejudice, the district court shall comply with *Taylor* and *White* and make factual findings and apply them to the relevant factors set forth in section 3162(a)(1). In the event the district court fails to comply with these requirements, it shall enter a dismissal with prejudice.

REVERSED and REMANDED.