UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20281
_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

JOSE VIRGILIO REYES, ALSO KNOWN AS JOSE RAFAEL GARCIA,

                              Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
_____

December 19, 1996

Before REAVLEY, GARWOOD, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

     Defendant-Appellant, Jose Virgilio Reyes, principally appeals his conviction of using or carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Reyes claims that reversal of his conviction is mandated because the evidence at trial was insufficient to support the jury's verdict and because the district court's instructions to the jury constituted a constructive amendment of the indictment. Reyes also contends that his prosecution was barred because the government dismissed the original federal complaint against him

solely to avoid the requirements of the Speedy Trial Act of 1974, as amended, 18 U.S.C. § 3161 et seq.  We affirm.

## I.  Background

On September 24, 1992, Jose Virgilio Reyes was arrested and charged with state firearm and drug offenses arising out of an incident at a Greyhound Bus Terminal in Houston, Texas.  On September 25, 1992, Reyes was charged in a federal criminal complaint with a variety of similar offenses arising out of the same incident.  Reyes was incarcerated by state authorities from the time of his arrest until his state sentencing on January 5, 1993, when he was sentenced to an eight-year term of imprisonment in the Texas Department of Criminal Justice.  Reyes was released on parole in September 1993.

On January 12, 1994, the government filed a motion to dismiss the federal criminal complaint filed against Reyes without prejudice under Federal Rule of Criminal Procedure 48(a).  The district court granted the government's motion.  On July 20, 1994, Reyes was charged by federal indictment with the following offenses:  (1) conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846; (2) knowing delivery of a suitcase containing firearms to a common carrier without giving written notice to the carrier that the firearms were being transported or shipped in violation of 18 U.S.C. § 922(e); (3) knowing possession of firearms that had been shipped in interstate commerce from which the manufacturer's serial number had been obliterated in violation of 18 U.S.C. § 922(k); and (4) using and

2

carrying a firearm during and in relation to the drug-trafficking crime of possession with intent to distribute marijuana in violation of 18 U.S.C. § 924(c)(1).

At the close of all of the evidence at trial, Reyes moved for a judgment of acquittal. In his motion, Reyes argued that the evidence was insufficient to support the four counts alleged in the indictment. Reyes also claimed that the prosecution violated the prohibition against double jeopardy because he previously had been convicted of the same offenses in state court. Finally, Reyes protested that the government dismissed the original federal complaint solely to avoid speedy trial concerns because an indictment was not arrived at in a timely fashion. The district court denied Reyes's motion.

The jury found Reyes guilty on all counts. Reyes was sentenced to a 21-month term of imprisonment as to counts one, two, and three. Reyes also received a 60-month, consecutive term of imprisonment as to count four. This appeal followed.

## II. Sufficiency of the Evidence

Reyes argues that the evidence was insufficient to support his conviction for "carrying" a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).[1]

---

[1] Section 924(c)(1) requires the imposition of specified penalties if the defendant, "during and in relation to any crime of violence or drug trafficking crime ...[,] uses or carries a firearm." Although the indictment charged Reyes with using *and* carrying a firearm, the district court properly instructed the jury that it could convict the defendant of violating § 924(c)(1) if he used *or* carried a firearm during and in relation to a drug-trafficking crime. *See United States v. Johnson*, 87 F.3d 133, 136 n.2 (5th Cir. 1996).

Because Reyes moved for a judgment of acquittal at the close of the evidence, the standard for evaluating the sufficiency of the evidence is whether, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Pruneda-Gonzalez*, 953 F.2d 190, 193 (5th Cir.), *cert. denied*, 504 U.S. 978, 112 S. Ct. 2952, 119 L.Ed.2d 575 (1992). In a non-vehicular context, a violation of the "carry" prong of § 924(c)(1) "requires a showing that the gun was in reach during the commission of the drug offense." *United States v. Pineda-Ortuno*, 952 F.2d 98, 103 (5th Cir.), *cert. denied*, 504 U.S. 928, 112 S. Ct. 1990, 118 L.Ed.2d 587 (1992). *See also United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir.), *cert. denied*, — U.S. —, 117 S. Ct. 241 (1996).

The evidence introduced at Reyes's trial was sufficient to support a conviction for carrying a firearm under § 924(c)(1).[2] At trial, R.B. Stewart, a Houston police officer, testified that on September 24, 1992, he observed Reyes helping a taxicab driver retrieve a suitcase out of a cab near the Greyhound bus station in Houston. Officer Stewart's suspicions were aroused when he noticed that the suitcase had a large padlock on it and appeared large, heavy, and newly purchased. Officer Stewart testified that he

---

[2] While the evidence is plainly sufficient and Reyes's argument could be summarily rejected, we present a detailed account of the facts here inasmuch as the evidence and the jury's verdict on the conspiracy count have a bearing on our treatment of the constructive amendment issue, discussed in Part III of this opinion.

observed Reyes enter the bus station and approach the ticket counter carrying the suitcase. Officer Stewart observed Reyes purchase a one-way ticket to New York with large bills. Reyes filled out a name tag, writing the name "Jose Garcia" and the destination "New York City" on the tag. The suitcase was then sent downstairs to be loaded on a bus.

As Reyes exited the bus station, Officer Stewart approached Reyes, identified himself as a police officer, and asked Reyes if he could speak with him. Reyes responded, "I'll be with you in a second, officer. I need to pay this cab driver." Reyes then went to pay the cab driver. Officer Ralph Rodriguez approached Officer Stewart at this time. Officer Stewart gave Officer Rodriguez a signal to keep an eye on Reyes because Officer Stewart had an instinct that Reyes was going to run. Officer Stewart testified that as soon as Reyes paid the cab driver, Reyes looked at him and ran.

As Reyes ran across the parking lot, he dropped a backpack that he was carrying. Officer Rodriguez picked up the backpack and pursued Reyes in his vehicle. Following a chase of several blocks, Officer Rodriguez captured Reyes. After Reyes was placed in custody, Officer Rodriguez checked Reyes's backpack for weapons and found a loaded .25 caliber automatic weapon. Officer Rodriguez also found six hand-rolled marijuana cigarettes in the backpack.

Officer Stewart asked two officers at the bus station to have a drug detection dog "run" the suitcase that Reyes had attempted to transport on the Greyhound bus. Reyes denied that the padlocked

suitcase was his when he was questioned in the security room at the bus station, despite the fact that the keys to the padlock were in his pocket. Reyes gave Officer Stewart permission to open the suitcase, stating that he had no knowledge of its contents and that he was carrying the suitcase for someone else. Inside the suitcase, officers found fifteen weapons, two plastic bags containing marijuana, and a "drimmel tool" used for grinding metal. The marijuana in the suitcase weighed a little over two pounds.

David Bock, an agent with the Bureau of Alcohol, Tobacco, and Firearms, testified that Reyes told him that on September 21, 1992, Reyes had flown to Houston from New York at the request of two persons he met at a soccer game in Brooklyn. Reyes told Agent Bock that the individuals sent him to Houston with $4000 to purchase ten small handguns and three pounds of marijuana. In addition, Reyes told Agent Bock that he was going to be paid for his participation in this transaction.

We conclude that the foregoing evidence was sufficient for a rational jury to conclude that Reyes had a firearm within his reach when he delivered approximately two pounds of marijuana for transport on a Greyhound bus. Therefore, we hold that the evidence was sufficient to sustain Reyes's conviction under § 924(c)(1) for "carrying" a firearm during and in relation to a drug trafficking crime.

### III. Constructive Amendment

Count four of the indictment charged Reyes with knowingly using or carrying a firearm "in relation to the drug trafficking

crime of intentionally and knowingly *possessing* with intent to distribute approximately 929 grams of marijuana." The district court, however, instructed the jury that in order to convict, it must find "that the defendant committed the crime alleged in Count one ... and that the defendant knowingly used or carried a firearm during and in relation to the defendant's commission of the crime alleged in Count one." Count one of the indictment charged Reyes with *conspiracy* to possess with the intent to distribute marijuana. Reyes did not object to the district court's jury instructions at trial.

Reyes argues that reversal of his conviction under 18 U.S.C. § 924(c)(1) is warranted because the variance between the district court's jury instructions and the indictment amounted to a constructive amendment of the indictment.[3] *See, e.g.*, *Stirone v.*

---

[3] Alternatively, Reyes raises a claim under the Fifth and Sixth Amendments contending that "[t]he Constitution gives a criminal defendant the right to demand that a jury find him guilty of all elements of the crime with which he is charged." *United States v. Gaudin*, — U.S. —, 115 S. Ct. 2310, 2314, 132 L.Ed.2d 444 (1995). *See also Sullivan v. Louisiana*, 508 U.S. 275, 278-81, 113 S. Ct. 2078, 124 L.Ed.2d 182 (1993) (holding that a constitutionally deficient reasonable doubt instruction mandated reversal and that harmless error analysis was inapplicable in this situation). Reyes argues that proof of guilt of the charged predicate offense is an essential element of a conviction under 18 U.S.C. § 924(c)(1). Although the jury in the instant case found Reyes guilty of a conspiracy to possess with the intent to distribute marijuana, it made no separate finding that Reyes was guilty of the substantive offense of possession with the intent to distribute marijuana. Because the jury made no finding on an essential element of the crime with which he was charged, Reyes contends that his conviction must be reversed.

The cases relied upon by Reyes in support of his fifth and sixth amendment claim are distinguishable. Those cases involved a situation in which the jury returned a verdict that was fatally flawed because an essential element of the crime that the jury was

*United States*, 361 U.S. 212, 217-18, 80 S. Ct. 270, 4 L.Ed.2d 252 (1960). Because Reyes did not raise this alleged error before the district court, we review the court's instruction for plain error. *See, e.g., United States v. Restivo*, 8 F.3d 274, 278-79 (5th Cir. 1993), *cert. denied*, — U.S. —, 115 S. Ct. 54, 130 L.Ed.2d 13 (1994). "Plain error is error so obvious and substantial that failure to notice it would affect the fairness, integrity, or public reputation of the judicial proceedings and would result in manifest injustice." *Id.* at 279. This appeal provides our first occasion to apply plain error analysis to a constructively amended indictment after the Supreme Court's decision in *United States v. Olano*, 507 U.S. 725, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993).

"The Fifth Amendment guarantees that a criminal defendant will be tried only on charges alleged in a grand jury indictment." *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991), *cert. denied*, 503 U.S. 939, 112 S. Ct. 1480, 117 L.Ed.2d 623 (1992). "The indictment cannot be 'broadened or altered' except by the grand jury." *Id.* (citations omitted). "A constructive amendment occurs when the trial court 'through its instructions and facts it permits in evidence, allows proof of an essential element of a

---

instructed upon was withheld from it. In the instant case, the jury found all of the elements of the crime that it was instructed upon—Reyes carried or used a weapon while conspiring to possess with the intent to distribute marijuana. Reyes's true complaint is that the jury found him guilty of a different crime than was charged in the indictment. In other words, Reyes contends that "the jury [was] permitted to convict [him] upon a factual basis that effectively modifie[d] an essential element of the offense charged." *See United States v. Leahy*, 82 F.3d 624, 631 (5th Cir. 1996) (internal quotation omitted) (defining "constructive amendment").

crime on an alternative basis permitted by the statute but not charged in the indictment.'" *Id.* (quoting *United States v. Slovacek*, 867 F.2d 842, 847 (5th Cir.), *cert. denied*, 490 U.S. 1094, 109 S. Ct. 2441, 104 L.Ed.2d 997 (1989)). We have held that "[c]onstructive amendments are reversible per se, as contrasted with variances between the indictment and proof that are evaluated under the harmless error doctrine." *United States v. Chandler*, 858 F.2d 254, 257 (5th Cir. 1988).

We agree with Reyes that proof of the defendant's guilt of a predicate offense is an essential element of a conviction under § 924(c)(1). We also agree with Reyes that a conspiracy to possess with the intent to distribute marijuana has different elements than does the substantive offense of possession with the intent to distribute.[4] We therefore conclude that the district court constructively amended the indictment by modifying an essential element of the charged offense when it instructed the jury that it could convict Reyes under § 924(c)(1) based upon proof that he was guilty of a conspiracy rather than a substantive offense.

Nonetheless, the Supreme Court in *Olano* instructed that our

---

[4] In order to establish a conspiracy to possess marijuana with the intent to distribute, the government must prove that: (1) an agreement existed among two or more persons to possess marijuana with the intent to distribute the drug; (2) the defendant knew of the conspiracy, and (3) the defendant voluntarily joined the conspiracy. *See, e.g., United States v. Casilla*, 20 F.3d 600, 603 (5th Cir.), *cert. denied*, — U.S. —, 115 S. Ct. 240, 130 L.Ed.2d 163 (1994). To prove possession with the intent to distribute marijuana, however, the government must prove that the defendant knowingly possessed marijuana with the intent to distribute it. *See, e.g., United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994).

9

authority to correct a forfeited error is discretionary. The Court stated that "[i]f the forfeited error is 'plain' and 'affect[s] substantial rights,' the Court of Appeals has authority to order correction, but is not required to do so."[5] *Olano*, 507 U.S. at 735. We choose to exercise the discretion afforded us under the Supreme Court's mandate and refuse to disturb the jury's verdict in this case.

Although the rights asserted by Reyes are undoubtedly important, a combination of several factors leads us to conclude that affirming his conviction would not result in manifest injustice. First, the predicate offense of conspiracy that the jury was instructed upon was a "drug trafficking crime" under § 924(c)(1) that could have been the charged predicate offense in the indictment. Furthermore, Reyes was clearly prepared at the time of trial to defend against this conspiracy charge and was, in fact, separately convicted of conspiracy to possess with the intent to distribute marijuana.

Second, Reyes's strategy at trial centered on his ignorance of the contents of his suitcase. The jury's rejection of this strategy is evidenced by its guilty verdict as to the three other counts of the indictment, all of which required Reyes's knowledge of the contents of the suitcase. This rejection negates the possibility that the jury could believe that Reyes did not

---

[5]  Even Justice Stevens, in dissent, acknowledged that "[a] forfeited error, ... even if it is plain and affects substantial rights, 'may' be corrected at the discretion of the reviewing court under Rule 52(b)." *Olano*, 507 U.S. at 744 (Stevens, J., dissenting).

10

knowingly possess marijuana with the intent to distribute. The jury, in effect, found that Reyes knew that the suitcase that he was carrying contained over two pounds of marijuana; it could not have concluded otherwise.

Finally, a contrary decision in this case would encourage the kind of sandbagging that the plain error rule is, in part, designed to prevent. On one hand, if Reyes had objected to the district court's instructions, the court would certainly have corrected its error. The result in this situation would be that Reyes's jury would have been properly instructed and he would have faced the identical odds of being convicted.

On the other hand, were we to reverse Reyes's conviction despite his failure to object, no rational defense attorney would ever object under these circumstances. By failing to object, the defendant loses the likely correction of the district court's error. What he or she gains, however, is worth substantially more. Not only does the defendant still have the same hope (however remote) of being acquitted by the jury, but the defendant also knows that a conviction will result in a reversal by the court of appeals. We refuse to reverse a conviction when doing so would create such perverse incentives. Our decision not to disturb the jury's verdict in this case does not "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S. Ct. 391, 80 L.Ed. 555 (1936)).

We recognize that plain error is by definition "obvious".

11

Therefore, it should always be corrected when brought to the district court's attention. Nonetheless, in most cases analyzed under the plain error standard, the defendant would have gained something by objecting. This case is unusual because, as a practical matter, Reyes's objection would have procured him no discernable benefit.

We also recognize that it is not the role of appellate courts to judge the guilt or innocence of criminal defendants. The Constitution allocates that duty to a jury in no uncertain terms. *See* U.S. CONST. amend. V. Our decision today is not meant to imply that overwhelming evidence of guilt is sufficient, by itself, to sustain a conviction under the plain error standard. Rather, we merely conclude that under the unusual circumstances presented by this case—including a jury instruction on a predicate offense permitted by § 924(c)(1), a separate conviction by the jury on the instructed predicate offense in circumstances in which the jury clearly rejected Reyes's contention that he did not knowingly possess marijuana, overwhelming evidence of guilt of both the charged offense and the instructed offense, and substantial incentive for sandbagging by the appellant—reversal of Reyes's conviction is not warranted.

IV. Dismissal Without Prejudice

Reyes claims that the district court erred in dismissing his original criminal complaint without prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Reyes points out that he did not have notice of the government's filing of the

12

motion to dismiss[6] and that the district court failed to set forth on the record sufficient reasons for the dismissal. Reyes contends that the sole purpose of the government's motion to dismiss was to avoid the sanctions of the Speedy Trial Act, which requires that a defendant be indicted within thirty days of his arrest.[7]  *See* 18 U.S.C. § 3161(b).  Reyes argues that the government's failure to afford him notice of the dismissal violated his rights under Rule 48(a).[8]

---

[6] The government does not contend that Reyes was notified of its motion to dismiss and the record does not reflect that the motion contained a certificate of service.  Therefore, for purposes of this appeal, we will assume that Reyes did not have notice of the dismissal of the original complaint.

[7] Reyes also relies upon *United States v. Taylor*, 487 U.S. 326, 108 S. Ct. 2413, 101 L.Ed.2d 297 (1988), and argues that the district court erred in dismissing his criminal complaint without prejudice because the district court did not consider the relevant factors articulated in the Speedy Trial Act.  Reyes's argument is unavailing because the district court's dismissal of Reyes's criminal complaint was not pursuant to the Speedy Trial Act.  In the instant case, Reyes never filed a motion to dismiss for a violation of the Act.  Rather, dismissal without prejudice was ordered pursuant to the government's motion under Rule 48(a).

[8] In addition, Reyes relies upon *United States v. Delgado-Miranda*, 951 F.2d 1063, 1064 (9th Cir. 1991), and argues that the government's failure to provide him with notice and a hearing prior to the dismissal of his complaint violated his right to due process of law.  In *Delgado-Miranda*, the Ninth Circuit recognized that a criminal defendant "has a liberty interest in being free from reprosecution in violation of the Double Jeopardy Clause, and that a decision whether to dismiss without prejudice for a Speedy Trial Act violation impacts this liberty interest." *Id.*  The court, therefore, concluded that "before a district court can enter a dismissal without prejudice, and thereby permit the defendant's reprosecution, it must hold a hearing" and provide the defendant with notice of the hearing and an opportunity to be heard. *Id.*
    *Delgado-Miranda* is not controlling precedent in this circuit and is distinguishable from the instant case on the same grounds as *Taylor*. *See* note 6, *supra*.  This circuit has never decided whether

13

Federal Rule of Criminal Procedure 48(a) provides that a government "attorney may by leave of court file a dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate." FED. R. CRIM. P. 48(a). The "leave of court" requirement of Rule 48(a) has been interpreted "to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss." *United States v. Welborn*, 849 F.2d 980, 983 (5th Cir. 1988) (quoting *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982)). "The primary purpose of the requirement is to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy." *Id.* (internal quotation omitted).

A request for a Rule 48(a) dismissal is improper if motivated by bad faith. *Id.* Bad faith is evidenced when the government is motivated "by considerations clearly contrary to the public interest." *Id.* (quotation omitted). A court considering a Rule 48(a) motion to dismiss must begin with the presumption that the government acted in good faith. *Id.*

In *United States v. Welborn*, this court adopted two rules to guide the application of Rule 48(a) in the district courts. *Id.* at

a defendant is entitled to procedural due process in the context of a dismissal pursuant to the Speedy Trial Act or Rule 48(a). *See United States v. Comeaux*, 954 F.2d 255, 261 (5th Cir. 1992) (noting that a defendant's purported right to a hearing under Rule 48(a) is unclear). We need not decide this issue today. Reyes has raised this issue for the first time on appeal and must therefore satisfy the stringent plain error standard. *See* FED. R. CRIM. P. 52(b). Under this standard, we "cannot correct an error ... unless the error is clear under current law." *Olano*, 507 U.S. at 734. Because Reyes's asserted right is not clear under current law, his procedural due process claim must be rejected.

14

985. We stated:

> First, if a defendant, without justification, does not contest dismissal the presumption of good faith permits the court to dismiss without prejudice and the defendant waives his right to later object to the government's motives. Second, if a defendant contests dismissal and the district court errs by not requiring the prosecution to furnish more than a conclusory reason to support its motion, the dismissal must be treated with prejudice only where the prosecution fails to offer sufficient justification for seeking dismissal when it reindicts or the error prejudiced the defendant's ability to attack the prosecutor's motives.

*Id.*

The rules adopted in *Welborn* make clear that in order to claim the protections provided by Rule 48(a), a defendant must contest the government's motion to dismiss. Under ordinary circumstances, the defendant is obligated to object to dismissal both at the time the government files its motion to dismiss and at the time he or she is reindicted.[9] We conclude, however, that the government's failure to provide Reyes with notice of the filing of its motion to dismiss excuses his failure to contest the motion at that time.

The government's failure to provide notice of its motion, however, does not excuse Reyes's failure to object to the dismissal without prejudice at the time that he was reindicted. Although Reyes raised an objection at the close of the government's case at

---

[9] These objections are necessary in order to permit the government to articulate a good faith reason for its dismissal. *See Welborn*, 849 F.2d at 983. Of course, the defendant's objection upon reindictment would be required only when the defendant has not already received the relief sought. Normally, this relief will be limited to the government's articulation of a good faith reason for its dismissal. If the government fails to satisfy this burden of production, however, the defendant may be entitled to dismissal with prejudice. *See id.* at 983-84.

15

trial that could generously be interpreted as contesting the dismissal of the original complaint,[10] by this time it was too late. We hold that a Rule 48(a) objection must be raised prior to trial in order for the motion to be considered contested.[11] Because Reyes did not properly contest the government's motion to dismiss the original complaint, we conclude that Reyes waived his right to complain that the prosecution requested dismissal in bad faith. AFFIRMED.

---

[10] Reyes's attorney moved for a judgment of acquittal at the close of the government's case. As a part of this motion, counsel told the district court that "Mr. Reyes has also asked me as part of this motion to incorporate his concerns that this is an illegal prosecution based on his concerns of ... a violation of speedy trial." Counsel explained:

> As to speedy trial, his concerns are that, initially, this prosecution of these -- the federal prosecution of these crimes was brought about, I believe, last year or at the beginning of last year and they were dismissed due to speedy trial concerns because, apparently, an indictment was not arrived at in a timely fashion. So, the government was forced to dismiss the charges against Mr. Reyes at that time.

[11] *See* FED. R. CRIM. P. 12(b), which provides, in part, that "[t]he following must be raised prior to trial: (1) Defenses and objections based on defects in the institution of the prosecution." Furthermore, to the extent that Reyes's Rule 48(a) objection is based on the government's alleged violations of the Speedy Trial Act, we think it significant that the Act explicitly requires the defendant to move for a dismissal "prior to trial or entry of a plea of guilty or nolo contendre ...." 18 U.S.C. § 3162(a)(2).