IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 96-10052
Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY PRUITT DAVIS, STEVEN
MICHAEL SZLOBODA, JULIAN PHILLIP
RAMIREZ,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CR-213-R
- - - - - - - - - -
June 3, 1997
Before KING, JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury found Anthony Pruitt Davis, Steven Michael Szloboda,
and Julian Phillip Ramirez guilty of dealing in stolen motor
vehicles with removed or altered identification numbers,
transporting stolen vehicles in interstate and foreign commerce,
removing motor vehicle identification numbers, possession with
intent to sell or dispose of a motor vehicle with an altered

---

[*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

identification number, mail fraud, and making false statements to a lending institution.

Davis argues that the evidence was insufficient to convict him of conspiracy. The record was not devoid of evidence which showed that Davis prearranged with others the theft of automobiles on his behalf. United States v. Thomas, 12 F.3d 1350, 1358 (5th Cir. 1994); United States v. Wieschenberg, 604 F.2d 326, 334 (5th Cir. 1979).

Davis and Ramirez challenge the sufficiency of the evidence to convict them of the substantive counts with which they were charged. Insamuch as Davis and Ramirez were conspirators, each could be convicted of substantive offenses based on acts his coconspirator committed in furtherance of the conspiracy because said acts fell within the scope of the conspiracy and were reasonably foreseeable. Unites States v. Patterson, 962 F.2d 409, 412 (5th Cir. 1992).

Davis and Ramirez argue that the court's instruction to the jury on the conspiracy count unlawfully amended and expanded the scope of the indictment. The court's instruction was not a constructive amendment to the indictment, United States v. Leahy, 82 F.3d 624, 631-32 (5th Cir. 1996), and was not plain error. United States v. Reyes, 102 F.3d 1361, 1365 (5th Cir. 1996).

Davis and Ramirez argue that the trial court omitted an essential element of the offense with which they were charged in its instructions to the jury on Counts Three, Four, Five, and

Eleven. The court's instruction, however, tracked the language of the statute with which they were charged of violating. See 18 U.S.C. § 2321.

Szloboda argues that the trial court failed to instruct the jury on the issue of materiality on Counts Six and Nine (charging a violation of 18 U.S.C. § 1014), and on Count Eight (charging a violation of § 1341). Materiality of the false statement is not an element of the offense of violating § 1014. United States v. Wells, 117 S. Ct. 921, 931 (1997). Szloboda makes no appreciable argument that the false statements he made when he violated § 1341 were not material. See Kungys v. United States, 485 U.S. 759, 770 (1988). Alternatively, the court's instruction on Count Eight was not plain error because it mentioned materiality. See United States v. McGuire, 99 F.3d 671, 672 (5th Cir. 1996) (en banc).

Davis challenges the increase in his base offense level pursuant to U.S.S.G. § 2B1.1(b)(4)(A) for more than minimal planning. The court's increase was not clear error. United States v. Clements, 73 F.3d 1330, 1341 (5th Cir. 1996).

Davis and Ramirez challenge the court's refusal to reduce their base offense levels under § 3B1.2 for minimal participation. The court's refusal was not plain error. United States v. Pofahl, 990 F.2d 1456, 1479 (5th Cir. 1993); United States v. Lopez, 923 F.2d 47, 50 (5th Cir. 1991).

The Appellants' convictions and sentences are AFFIRMED.