IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41283
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERASMO HERNANDEZ-MENDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-01-CR-261-ALL
--------------------
January 28, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Erasmo Hernandez-Mendez appeals his conviction, following a jury trial, for one count of transporting illegal aliens, a violation of 8 U.S.C. § 1324. He first argues that the evidence adduced at trial was insufficient to support his conviction. This argument is unavailing. The evidence was sufficient to prove that Hernandez-Mendez had committed all of the elements of the offense charged. See United States v. Romero-Cruz, 201 F.3d

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

374, 378 (5th Cir. 2000). He thus has not shown that a manifest miscarriage of justice will result if his conviction is allowed to stand. See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

He next argues that the district court's jury instructions constructively amended the indictment. Even if the instructions did constructively amend the indictment, then Hernandez-Mendez still is not entitled to relief, for he fails to carry his burden of demonstrating that this alleged error affected his substantial rights. He thus has not shown plain error in connection with the district court's jury instructions. See United States v. Reyes, 102 F.3d 1361, 1364-66 (5th Cir. 1996); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Hernandez-Mendez's argument that the prosecutor's comments on his silence constitute reversible error likewise does not merit relief. The evidence against Hernandez-Mendez was substantial, and his defense was weak. Accordingly, even if the remarks were improper, then there still is no plain error. See United States v. Rivera, 295 F.3d 461, 469 (5th Cir. 2002); United States v. Knezek, 964 F.2d 394, 400 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.