United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-30243

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD HARRIS

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before KING, HIGGINBOTHAM, and SMITH, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Harold Harris was convicted, *inter alia*, of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). He challenges the district court's jury instructions and the sufficiency of the government's evidence. We affirm.

A

Harold Harris was pulled over for speeding and then arrested for driving with a suspended license. In his right pocket, officers found a Glock Model 27, .40 caliber handgun. It had a

nine-round magazine with one round chambered.  In his left pocket, officers found forty-eight individually-wrapped foils of heroin, a total weight of 0.672 grams.

Harris was indicted with (1) possession of firearm by a felon,[1] (2) possession with intent to distribute heroin,[2] (3) carrying a firearm during and in relation to a drug trafficking offense,[3] and (4) possession with intent to distribute cocaine base.[4]  He pleaded guilty to the first charge and was convicted on the remaining three.

The district court sentenced Harris to concurrent 33-month terms on the two drug-possession counts and on the firearm-possession count.  This was to be followed by a consecutive 60-month sentence on count three, carrying a firearm during and in relation to a drug trafficking offense.  Harris appeals only his conviction on count three.

B

Harris first contends that the district court erred in refusing to give a requested jury instruction.  We review such decisions for abuse of discretion.  We will reverse if the requested instruction "is substantially correct; was not

---

[1]18 U.S.C. § 922(g)(1).

[2]21 U.S.C. § 841(a)(1).

[3]18 U.S.C. § 924(c)(1).

[4]21 U.S.C. § 841(a)(1).

2

substantially covered in the charge as a whole; and if the omission of the requested instruction seriously impaired the defendant's ability to present a given defense."[5]

Harris contends that the jury instruction allowed the jury to convict him for simply carrying a firearm "during" — but not necessarily "in relation to" — a drug trafficking offense. The relevant statue of conviction punishes "any person who, during and in relation to any . . . drug trafficking crime . . . carries a firearm."[6]  The district court adopted our pattern jury instructions and instructed the jury as follows:

> Title 18, United States Code, Section 924(c)(1), makes it a crime for anyone to use or carry a firearm during and in relation to a drug trafficking crime.
>
> For you to find the defendant guilty of this crime, you must be convinced that the Government has proved each of the following beyond a reasonable doubt:
>
> First: That the defendant committed the drug trafficking crime as alleged . . .
>
> Second: That the defendant knowingly used or carried a firearm during and in relation to his alleged commission of a drug trafficking crime. . . .
>
> To prove the defendant "carried" a firearm, the Government must prove that the defendant carried the firearm in the ordinary meaning of the word "carry," such as by transporting a firearm on the person or in a vehicle. The defendant's carrying of the firearm cannot be merely coincidental or unrelated to the drug trafficking crime.

---

[5]*United States v. Cain*, 440 F.3d 672, 674 (5th Cir. 2006).

[6]18 U.S.C. § 924(c)(1).

> By "in relation to," means that the firearm must have some purpose, role, or effect with respect to the drug trafficking crime.

In place of this final paragraph, Harris proposed the following addition:

> Mere proximity of the firearm and the drugs is not enough. To prove that the defendant carried the firearm "during and in relation to" the drug trafficking crime, the government must prove that the firearm had some purpose or played some role in the drug trafficking crime.

Harris argues that the absence of this instruction seriously undermined his defense. We disagree.

First, the district court's jury instructions correctly defined the term "in relation to" to mean that "the firearm must have some purpose, role, or effect with respect to the drug trafficking crime." We disagree with Harris's contention that the word "effect" allows the jury to convict on insubstantial evidence of a relationship between the gun and the drug offense. The term "effect" means that the gun must have a "result" with respect to the drug trafficking offense.[7] This definition is supported by our case law.[8]

Second, the prosecutor's closing argument never suggested otherwise. During his close, the prosecutor reminded the jury that the gun must have had "some purpose, role, or effect with regard to

---

[7]*See* AMERICAN HERITAGE DICTIONARY 439 (2d ed. 1982).

[8]*United States v. Brown*, 161 F.3d 256, 259 (5th Cir. 1998) (*en banc*); *United States v. Fike*, 82 F.3d 1315, 1328 (5th Cir. 1996).

the drug trafficking crime." This was iterated by defense counsel, who again reminded the jury that "[t]hey were suppose to prove in relation to or in furtherance of a drug trafficking crime. They have not done it."

Finally, the pattern jury instruction makes clear that simple possession of a gun during a drug trafficking offense is not enough. The jury here was instructed that "[t]he defendant's carrying of the firearm cannot be merely coincidental or unrelated to the drug trafficking crime." Based on these three considerations, we conclude that Harris's proffered instruction was substantially covered in the charge as a whole.

C

Harris next contends that his conviction should be reversed nevertheless because there is insufficient proof that he carried the firearm "in relation to" his drug trafficking offense. Again we disagree.

In evaluating the sufficiency of the evidence, we view the evidence in the light most favorable to the government and resolve questions of credibility in favor of the jury's verdict.[9] The evidence is sufficient to support the jury's verdict if a rational trier of fact could have found beyond a reasonable doubt the essential elements of the charged crime.[10]

---

[9] *United States v. Hernandez-Palacios*, 838 F.2d 1346, 1348 (5th Cir. 1988).

[10] *Jackson v. Virginia*, 443 U.S. 307, 313 (1979).

The original version of section 924(c) prohibited "carrying a firearm unlawfully *during* the commission of the felony."[11]  Two years later, Congress amended the statutory clause to its current form, which requires "carrying a firearm *during and in relation to*" an offense.[12]  This amendment was intended to "preclude [the statute's] application in a situation where [a weapon's] presence played no part in the crime."[13]  In construing this amendment, we have explained that "under the current version of section 924(c), the government is shouldered with the burden of establishing some relationship between the firearm [the defendant] possessed and the predicate drug trafficking offense."[14]

Yet we have allowed the jury to infer this relationship where the criminal circumstances permit.  Indeed this court has never vacated a conviction for "carrying a firearm" based on insufficient evidence of a relationship between the gun and the drug offense.  In *Wilson*, for example, we cautioned that "something more than strategic proximity of drugs and firearms is necessary to honor Congress' concerns."[15]  We affirmed nevertheless the defendant's

---

[11]18 U.S.C. 924(c) (1982) (emphasis added); *see also United States v. Wilson*, 884 F.2d 174, 176 (5th Cir. 1989).

[12]18 U.S.C. 924(c) (1984) (emphasis added).

[13]S.Rep. No. 225, 98th Cong., 2nd Sess. 314 n.10 (1983), *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3492 n.10; *see also Wilson*, 884 F.2d at 176.

[14]*Wilson*, 884 F.2d at 177.

[15]*Wilson*, 884 F.2d at 177.

conviction under 924(c), concluding that the jury reasonably could have inferred the "in relation to" element based on both the evidence that the defendant reached for his gun when confronted by the police and the close proximity between gun and drugs.

And, in *Raborn*, we again affirmed a conviction under 924(c).[16] We held that because the defendant actually carried a weapon while engaged in a drug-manufacturing conspiracy, a jury could reasonably conclude that the weapon was carried in relation to, and *for protection during*, his drug trafficking crime.[17]

Harris attempts to distinguish these cases. He argues that the jury's inference of a relationship between the firearm and the predicate drug trafficking offense was baseless because, unlike the defendants discussed above, he was not, when arrested, engaged in selling or manufacturing drugs, the sort of dangerous activities for which .40-caliber protection is needed. He points out that his drug crime was mere possession, from which an inference of an intent to distribute was made.[18]

But from these circumstances — a gun in one pocket and a distributable quantity of drugs in the other — a rational jury

---

[16]*United States v. Raborn*, 872 F.2d 589, 595 (5th Cir. 1989).

[17]*Id.*

[18]In *United States v. Reyes*, we affirmed a 924(c) conviction where the predicate offense was merely possession with intent to distribute. 102 F.3d 1361 (5th Cir. 1996). Reyes was arrested at a Greyhound bus station, attempting to ship a suitcase containing two pounds of marihuana and fifteen firearms. In *Reyes*, however, the defendant challenged only the sufficiency of the "carrying" element, not the "in relation to" element.

could have found beyond a reasonable doubt that Harris was carrying the Glock for protection. This inference of protection provides "something more than strategic proximity of drugs and firearms" and honors the Congressional concerns manifested by the "in relation to" element. Harris's judgment of conviction is AFFIRMED.