# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2010

Lyle W. Cayce
Clerk

No. 08-30411
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT DIXON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:99-CR-188-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Dixon, federal prisoner # 26529-034, pleaded guilty to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base and was sentenced to 135 months of imprisonment. He filed a 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence based on a recent amendment to the crack cocaine sentencing guidelines. The district court denied the motion. Dixon appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that Dixon's appeal is barred by the appeal waiver provision in his plea agreement. This court recently decided a case involving an identical waiver, holding that it did not bar appellate review of the denial of a motion for reduction of sentence under § 3582(c)(2). *See United States v. Cooley*, 590 F.3d 293, 296 (5th Cir. 2009). *Cooley* forecloses the Government's waiver argument.

Dixon argues that the district court abused its discretion by failing to determine the amended guidelines range. Since he did not raise this issue in the district court, review is for plain error. *United States v. Reyes*, 102 F.3d 1361, 1364 (5th Cir. 1996). U.S.S.G. § 1B1.10(b)(1) provides "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." In this case, the Crack Amendment Eligibility Information sheet submitted to the district court as part of the standard packet prepared in all § 3582(c)(2) cases[1] reflected the correctly calculated guidelines range available under the amendment. Dixon does not argue that the guideline range provided in the packet is incorrect. Rather, his complaint is that the district court did not specifically adopt the review committee's calculation or write it into the appropriate section of the standard form order. Whatever error resulted from the district court's implicit rather than explicit acceptance of the committee's calculation does not rise to the level of plain error. Accordingly, Dixon's complaint regarding the new guideline calculation is without merit.

Dixon also argues that the district court abused its discretion in placing undue weight on Dixon's prison disciplinary record, without considering his

---

[1]Eastern District of Louisiana Chief Judge Helen G. Berrigan formed a Cocaine Base Retroactivity Screening Committee to screen the cases potentially affected by Amendment 706. Pursuant to the order creating the Committee, the Committee developed a standard packet to present to the district court.

educational achievements in prison.    He contends that his disciplinary infractions were not serious and that it was an abuse of discretion to consider only the negative aspects of his record.

We have held that a district court is not required to provide reasons for its denial of a § 3582(c)(2) motion nor to explain its consideration of the § 3553(a) factors. *See United States v. Evans*, 587 F.3d 667, 673–74 (5th Cir. 2009), *petition for cert. filed*, (Jan. 28, 2010) (09-8939). Provided the record shows that the district court gave due consideration to the motion as a whole and implicitly considered the § 3553(a) factors, there is no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). In his § 3582 motion, Dixon advised the district court of his vocational and educational achievements. The district court stated in its order that it had carefully reviewed Dixon's motion and had considered all relevant factors, including the facts that Dixon had been convicted for failing to surrender to serve his initial sentence and had been disciplined on a number of occasions while in prison. Although the district court did not specifically cite to the § 3553(a) factors, it can be inferred that the district court considered the positive and negative factors in denying Dixon's motion. The record reflects that the district court gave due consideration to Dixon's arguments and implicitly considered the § 3553(a) factors. *See Whitebird*, 55 F.3d at 1010.

Dixon has not shown that the district court abused its discretion in denying the motion to reduce his sentence. The denial of Dixon's § 3582(c)(2) motion to reduce his sentence is AFFIRMED.