**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4793**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

EDDIE V. CLAY,

                    Defendant – Appellant.



Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.    James R. Spencer, Chief District Judge.  (3:09-cr-00067-JRS-1)


Submitted:  September 20, 2010       Decided:  October 7, 2010


Before KING, GREGORY, and WYNN, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Michael S. Nachmanoff, Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Jessica A. Brumberg, Assistant United States Attorney, Richmond, Virginia, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie V. Clay appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp 2010). Clay argues that the district court erred by failing to give his proposed jury instruction that mere possession of a firearm was insufficient to establish the "in furtherance of" element of the offense. Clay also contends that the instruction actually given by the court improperly shifted the burden of proof from the Government to him. We affirm.

This court reviews a district court's "decision . . . to give a jury instruction and the content of an instruction . . . for abuse of discretion." United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). When jury instructions are challenged on appeal, the issue "is whether, taken as a whole, the instruction fairly states the controlling law." United States v. Cobb, 905 F.2d 784, 789 (4th Cir. 1990). Notably, this court has held that a "district court is not required to give defendant's particular form of instruction, as long as the instruction the court gives fairly covers a theory that the defense offers." United States v. Smith, 44 F.3d 1259, 1270-71 (4th Cir. 1995).

To establish a violation of 18 U.S.C.A. § 924(c), the Government must prove "that the [defendant's] possession of a

2

firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a reasonable trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, . . . whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)). To that end, a firearm might further or advance a drug trafficking crime as a defense or deterrent against someone trying to steal drugs or drug profits. Lomax, 293 F.3d at 705.

With these standards in mind, we have reviewed the record and conclude that the district court properly instructed the jury that if it believed Clay's gun was accessible or visible during Clay's drug transactions, then it could infer he possessed it for the purpose of providing defense and/or deterrence. See United States v. Reid, 523 F.3d 310, 318 (4th Cir. 2008). The district court amply allowed for Clay's theory of coincidence and/or mistake by instructing the jury that if it found the presence of the gun to be coincidental or unrelated to the alleged drug trafficking crime, it must acquit him. See United States v. Harris, 477 F.3d 241, 243-44 (5th

3

Cir. 2007) (upholding nearly identical instruction). Thus, the district court did not abuse its discretion in giving the contested jury instruction.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED