# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-20031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER DONRICK DALEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-512-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Christopher Donrick Daley of three counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of mail fraud, in violation of 18 U.S.C. § 1341. On appeal, Daley argues that the district court erred by (1) constructively amending the indictment; (2) imposing a 14-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H) based on the actual losses; (3) ordering restitution in the amount of $614,950; (4) imposing a two-level enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to § 2B1.1(b)(2)(A)(i) based on the number of victims; and (5) imposing a procedurally and substantively unreasonable sentence. Daley concedes that plain error review applies because he did not raise these issues in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error review, in turn, encompasses four prongs: that there was an error, the error was clear or obvious, and the error affected substantial rights. If those requirements are met, then the court of appeals should exercise its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (discussing plain error review and focusing on the discretionary fourth prong).

First, Daley argues that the district court erroneously constructively amended the indictment by instructing the jury that wire fraud could be committed via interstate telephone calls, but the indictment only charged wire fraud via emails and a wire transfer. Even assuming that the district court committed an error that was clear or obvious, it is questionable, under the particular facts of this case, whether Daley's substantial rights were actually affected. We note that (1) the offense mistakenly instructed to the jury could have been charged in the indictment, (2) the jury rejected Daley's theory of the case, (3) there was "overwhelming evidence of guilt of both the charged offense and the instructed offense," and (4) a vacatur of the conviction and reversal "would encourage the kind of sandbagging that the plain error rule is, in part, designed to prevent." *Puckett*, 556 U.S. at 135; *United States v. Reyes*, 102 F.3d 1361, 1366 (5th Cir. 1996).

But assuming arguendo that all alleged constructive amendments, regardless of any other facts, affect substantial rights, we address the fourth prong here and conclude that we should not exercise our discretion to correct

any such error here for the reasons stated above.  The Supreme Court recently clarified the boundaries of this discretion in cases involving errors in calculating the sentencing guidelines for a particular case.  *Rosales-Mireles*, 138 S. Ct. at 1906-07.  In so doing, it repeatedly noted that the case did not involve the complexities and strategic issues of a case that was tried on the merits.  *Id.* at 1908-09.  As set forth above, we conclude that any error here did not "seriously affect" matters such as the fairness or integrity of judicial proceedings.  *Rosales-Mireles* does not support a contrary conclusion here.

In his second, third, and fourth stated issues, Daley contends that the district court's calculation of the actual loss caused by his fraud was erroneous, leading to its mistaken imposition of the 14-level and two-level enhancements and its order of restitution.  The factual determinations underlying the district court's loss amount and restitution award are reviewed in the same manner as other findings of fact, *see United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012).  Here, the determination of both the amount of actual loss and the number of victims was based on the evidence introduced by the Government at trial.  We conclude that the evidence supports the district court's determination.

Further, the court only ordered an award of $798,454, representing the total amount of investments minus the payments made to the victims.  The $614,950 restitution order was intended to compensate the identified victims with addresses, and the court ordered forfeiture of the difference between the actual loss and the restitution order.  Therefore, the overall amount ordered in restitution and forfeiture represents the actual loss, and Daley has not shown any error that affects his substantial rights.  *See United States v. Miller*, 406 F.3d 323, 331-32 (5th Cir. 2005).

No. 17-20031

Finally, Daley contends that his sentence was both procedurally and substantively unreasonable.  While the district court did not specifically list the applicable 18 U.S.C. § 3553(a) sentencing factors, its reasons were fact-specific and consistent with the factors, including the nature and circumstances of the offense, the seriousness of the offense, the need to protect the public, and deterrence.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Moreover, Daley's sentence was not procedurally unreasonable because the record shows that the court weighed the evidence and mitigating factors offered by Daley and his counsel.  *See United States v. Alvarado*, 691 F.3d 592, 596 (5th Cir. 2012).  Further, Daley's counsel did not expressly object to a Rule 32 error in district court and, although given several opportunities to do so, did not indicate to the district court that he had additional arguments to make.  The record reflects the district court gave counsel an opportunity to present his arguments on several occasions during the sentencing hearing.

Daley also argues that the upward variance was substantively unreasonable because it was greater than necessary to achieve the § 3553(a) sentencing factors.  In reviewing an above-guidelines sentence for substantive reasonableness, we consider the totality of the circumstances, including the extent of any variance from the guidelines range, to determine whether the § 3553(a) factors support the sentence.  *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012).  An above-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  This court defers to the district court's determination that the § 3553(a) factors, on the whole, merit an upward variance.  *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

No. 17-20031

In this case, the district court relied on appropriate § 3553(a) factors in determining that an upward variance was warranted, as its reasons addressed the nature and circumstances of Daley's offense, the need to protect the public from further crimes by Daley, and the need to deter him from future criminal activity. Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See Smith*, 440 F.3d at 708. We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, warrant the variance, *see Brantley*, 537 F.3d at 349, and justify the extent of the upward variance imposed, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Accordingly, Daley's sentence is AFFIRMED.