UNITED STATES of America, Plaintiff–Appellee,

v.

Terrance Lenair JOHNSON, Defendant–Appellant.

No. 94–11131.

United States Court of Appeals, Fifth Circuit.

June 19, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 28, 1996.

---

Christopher Allen Curtis, Assistant U.S. Attorney, Office of the United States Attorney, Fort Worth, TX, for plaintiff-appellee.

Terrance Lenair Johnson, El Reno, OK, pro se.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

██ The only worthy issue raised in this appeal by the appellant Terrance Lenair Johnson is whether the evidence is sufficient to support his conviction for using or carrying a firearm in relation to his drug trafficking offense. Because Johnson did not move for judgment of acquittal at the close of all the evidence, we review his challenge to the sufficiency of the evidence for a "manifest miscarriage of justice." Finding that the record is not so devoid of evidence as to constitute a manifest miscarriage of justice, we affirm.

## I

On August 18, 1992, police officers in Burkburnett, Texas, stopped the car in which Johnson and his co-defendant, Tommy Lee Buchanan, were riding because it was travelling in an erratic manner. Officer Jim Brayton testified that as they pulled the vehicle over, he observed Johnson moving up and down in his passenger seat as if he were trying to hide something. Buchanan, the driver, got out of the car and began backing away from it as if to flee. While another officer pursued Buchanan, Brayton shined his flashlight into the driver's-side door, which was open. He observed a pistol protruding from a black zipper case on the transmission hump near the front seat. Brayton immediately shouted to the other officers that there was a gun. As Brayton reached into the car to remove the gun, Johnson reached for it with his left hand while trying to hide something between his legs with his right hand. A second officer on the passenger side of the vehicle, Officer Randy Burchett, three times yelled for Johnson to raise his hands where they could be seen. Once Johnson raised his hands, Burchett reached into the car and removed a small black zipper bag from between Johnson's legs. The bag contained cocaine base, packaged in small quantities for sale. The handgun taken from the transmission hump was loaded.

In a two count indictment, Buchanan and Johnson were charged with (a) possession with intent to distribute approximately 228 grams of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and (b) "knowingly carry[ing] and us[ing] a firearm" during and in relation to the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Buchanan pleaded guilty.

Buchanan testified in Johnson's defense at trial. He stated that the cocaine and gun belonged to him and that Johnson did not know about the drugs or the gun. He said that he had asked Johnson to go with him to Oklahoma City to get a car. Buchanan testified that the gun was his, that it was in a zipped case under the passenger seat, and that it was unloaded. Buchanan admitted, however, on cross-examination that his testimony conflicted with the factual resume he signed in connection with his guilty plea, in which he stipulated that both he and Johnson had knowingly possessed the 228 grams of cocaine base with intent to distribute and that Johnson had attempted to hide the cocaine.

Johnson also testified in his own behalf. He said that he was traveling with Buchanan in order to help him get a car in Oklahoma City. Johnson testified that he did not know about the cocaine or the gun.

At the close of the government's evidence, Johnson moved for judgment of acquittal; he did not, however, reurge the motion at the close of all the evidence.

The district judge, when charging the jury on the crime of carrying and using a firearm during the commission of a drug crime, gave instructions only on the meaning of the term "use." The jury was not instructed on the meaning of the term "carry." Johnson did not object to this aspect of the jury instructions.

The jury found Johnson guilty of both counts. The district court sentenced Johnson to consecutive terms of 188 months imprisonment on the possession charge and 60 months on the firearms violation. Johnson, appearing before this court *pro se*, appeals his convictions and sentence.

## II

■■■■ The only meritorious issue presented is Johnson's challenge to his conviction for using and carrying a firearm in connection with a drug trafficking offense.[1] Johnson contends that the evidence does not support his firearms conviction because it fails to establish that he either used or carried a firearm in connection with his drug trafficking offense.[2] The statute provides in pertinent part that "[w]hoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime ..., be sentenced to imprisonment for five years." 18 U.S.C. § 924(c)(1).

■■■■ We first note that the standard of appellate review here is for "manifest miscarriage of justice" because Johnson did not reurge his motion for judgment of acquittal at the close of all the evidence. *See United States v. Singer,* 970 F.2d 1414, 1418 (5th Cir.1992).[3] A manifest miscarriage of justice is present "if the record is devoid of evidence pointing to guilt." *Id.* As with any jury verdict, we must consider the evidence, and all reasonable inferences that may be drawn from that evidence, in the light most favorable to the government. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Prieto–Tejas,* 779 F.2d 1098, 1101 (5th Cir. 1986).

## III

In reviewing the sufficiency of the evidence here, we are guided by the Supreme Court's

---

1. Johnson also appeals his drug conviction and his sentence. We find no merit in either challenge. First, Johnson argues that the district court erred in failing to give a jury instruction on the lesser included offense of simple possession of cocaine base. As the government correctly points out, simple possession of cocaine base is not a lesser included offense of possession of cocaine with intent to distribute. *United States v. Deisch,* 20 F.3d 139, 152 (5th Cir.1994). In any event, the evidence was not such as to permit the jury rationally to find Johnson guilty of simple possession but not guilty of possession with intent to distribute. The district court therefore properly denied Johnson's request for this instruction.

Second, Johnson challenges the district court's enhancement of his sentence for perjury under U.S.S.G. § 3C1.1. Johnson has failed to provide us with a transcript of his sentencing hearing. We will not consider the merits of such an issue when the appellant fails to provide a transcript. *Powell v. Estelle,* 959 F.2d 22, 26 (5th Cir.1992); *see also Richardson v. Henry,* 902 F.2d 414, 416 (5th Cir.), *cert. denied,* 498 U.S. 901, 111 S.Ct. 260, 112 L.Ed.2d 218 (1990).

2. Johnson also argues that the district court erred by instructing the jury that they could find him guilty under § 924(c) of using *or* carrying a firearm when the indictment charged him with using *and* carrying a firearm. We disagree. "[A] disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Pigrum,* 922 F.2d 249, 253 (5th Cir.), *cert. denied,* 500 U.S. 936, 111 S.Ct. 2064, 114 L.Ed.2d 468 (1991) (internal quotations and citations omitted). Thus, even though the indictment here charged Johnson with "using *and* carrying a firearm," the district court properly charged the jury that Johnson may be convicted if he "used or carried" a firearm.

3. *But see United States v. Pennington,* 20 F.3d 593, 597 n. 2 (5th Cir.1994) (questioning whether the "miscarriage of justice" standard is indistinguishable from the "sufficiency of evidence" standard employed when the defendant renews his motion for acquittal at the conclusion of the trial).

recent decision in *Bailey v. United States*, decided after Johnson filed this appeal. —— U.S. ——, —— – ——, 116 S.Ct. 501, 505–06, 133 L.Ed.2d 472 (1995). In two cases consolidated for appeal, the Supreme Court found in each case that the evidence was insufficient to support convictions for "use" of a firearm during and in relation to the underlying drug trafficking offenses. In the first case, police found cocaine in the passenger compartment and a loaded pistol in the locked trunk of the car driven by the defendant. In the second case, the defendant stored an unloaded, holstered firearm in a locked footlocker in the bedroom closet of a house in which she sold drugs. *Id.* at ——, 116 S.Ct. at 509. Reversing both convictions, the Court held that "§ 924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.* at ——, 116 S.Ct. at 505 (emphasis in the original). The Court concluded that as to the firearms in the locked trunk and footlocker that:

> [s]torage of a firearm, without its more active employment, is not reasonably distinguishable from possession.... Some might argue that the offender has "actively employed" the gun by hiding it where he can grab and use it if necessary. In our view, "use" cannot extend to encompass this action. If the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not "used."

*Id.*

■ In an effort "[t]o illustrate the activities that fall within the definition of 'use,'" the Supreme Court described those "activities that fall within 'active employment' of a firearm, and those that do not." *Id.* at ——, 116 S.Ct. at 508. Active employment of a firearm "certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at ——, 116 S.Ct. at 508. Thus, for example, "reference to a firearm calculated to bring about a change in the circum-

stances of a predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be 'use.'" *Id.*

■ In contrast, the Court concluded that "use" does not encompass "the concealment of a gun nearby to be at the ready for an imminent confrontation," where the offender does not disclose or mention the weapon. *Id.* Without more, such concealed "placement at the ready" is indistinguishable from "possession with a contingent intent to use" the weapon. *Id.* at ——, ——, 116 S.Ct. at 505, 509. Because "Congress knew how to draft a statute to reach a firearm that was 'intended to be used,'" and "chose not to include that term" in § 924(c)(1), concealed placement for later use is insufficient to sustain a conviction for "use" of a firearm during and in relation to a drug offense.

■ To sum up, a defendant "actively employs" a weapon during and in relation to a drug trafficking offense when the firearm becomes an "operative factor in relation to the predicate offense," such as when the firearm "bring[s] about a change in the circumstances of a predicate offense." *Id.* at ——, 116 S.Ct. at 505. We believe that under this analysis a firearm changes the circumstances of the underlying drug transaction when it serves the immediate purpose of bringing to fruition a drug transaction without impediment from law enforcement officers or others. A firearm serves such a purpose when it elevates the stakes involved during a defendant's arrest by apprehending law enforcement officials, such as when the firearm is displayed to apprehending law enforcement officers or when the defendant reaches for the weapon while being apprehended. A weapon in this instance does not simply embolden or comfort a drug trafficker during a drug sale, as may a concealed weapon "placed at ready." It inexorably alters the likelihood of arrest for the underlying drug offense by creating a threat of harm to the apprehending officers.[4]

■ Turning to Johnson's challenge to his firearms conviction, we find that the rec-

---

4. That such a threat is real and felt is evidenced in this case by Officer Brayton's shouted warnings to his fellow law enforcement officers, as well as by Officer Burchett's repeated instructions to Johnson to raise his hands where they could be seen.

ord in this case is not so devoid of evidence of Johnson's active use of the firearm as to constitute a manifest miscarriage of justice. Officer Brayton testified that during this routine-traffic-stop-turned-drug-bust, he observed a loaded nine millimeter semi-automatic pistol resting on the transmission hump of the car in a partially zippered black bag adjacent to Johnson. Officer Brayton further testified that Johnson reached with his left hand for firearm as Officer Brayton reached into the car to secure the weapon.

From this evidence, the jury reasonably could conclude that Johnson actively employed the firearm in relation to his underlying drug offense. The gun was clearly on display to apprehending police officers, notwithstanding the fact that it was placed in a partially zippered bag adjacent to Johnson. This fact is indisputable: Officer Brayton's shouted warnings of a gun to his fellow law enforcement officers, and Officer Burchett's repeated instructions to Johnson to raise his hands where they could be seen. Critically, Johnson reached for the gun while being apprehended. The jury reasonably could conclude from this act that Johnson hoped to evade arrest for the predicate drug offense by arming himself. Johnson's motion toward the gun, moreover, supports a more sinister inference that Johnson was prepared to fire the loaded pistol at Officer Brayton, who reached for the weapon at the same time.

Johnson plainly changed the stakes involved during his arrest for a drug offense by reaching for a weapon clearly on display to apprehending law enforcement officers.[5] Such use of a firearm constitutes "active employment" of a firearm in connection with an underlying drug trafficking offense. We thus conclude the record here is not so devoid of evidence of "use" as to constitute a "manifest miscarriage of justice"; indeed, under an ordinary standard of review, the evidence fully supports the conviction. We therefore affirm Johnson's firearms conviction.

## IV

Accordingly, we affirm Johnson's convictions for using or carrying a firearm during

and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and possessing 228 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). Finding no error in the district court's enhancing of Johnson's sentence for perjury, we also affirm the sentence imposed on Johnson by the district court.

AFFIRMED.

---

**5.** Because Johnson used the firearm in relation to the underlying drug offense, we do not reach the question of whether Johnson "carried" the weapon for purposes of § 924(c)(1).