IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40060
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CRAIG SCOTT HICKSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-21-ALL
--------------------

August 25, 1999

Before KING, Chief Judge, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Craig Hickson appeals his convictions for being a felon in possession of a firearm and selling a stolen firearm.  Hickson argues that (1) there was insufficient evidence to support his convictions; (2) the district court violated his due process rights by warning his attorney to avoid references to the jury's racial makeup; (3) the district court violated his Sixth Amendment rights by impaneling a juror that resided outside the Eastern District of Texas; (4) the district court committed reversible error by depriving him of a substantial and significant portion of the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record; and (5) the district court violated his Sixth Amendment rights when it erroneously denied his motion to call the prosecutor as a witness.

Because Hickson did not move for judgment of acquittal, this court's review of the sufficiency of the evidence is limited to determining whether there was a manifest miscarriage of justice. See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996). We have reviewed the arguments and the appellate record and conclude that no manifest miscarriage of justice occurred. See United States v. Haese, 162 F.3d 359, 366 (5th Cir. 1998), cert. denied, 119 S. Ct. 1795 (1999); United States v. Dixon, 132 F.3d 192, 200 (5th Cir. 1997), cert. denied, 118 S. Ct. 1581 (1998).

This court also concludes that (1) the district court properly warned Hickson's trial counsel about his opening remarks and did not so favor the prosecution that it appeared to predispose the jury toward a finding of guilt, see Derden v. McNeel, 978 F.2d 1453, 1459 (5th Cir. 1992); (2) Hickson has failed to show that the district court impaneled a juror that resided outside the Eastern District of Texas; (3) Hickson has failed to show that the district court deprived him of a substantial and significant portion of the record, see United States v. Aubin, 87 F.3d 141, 149 (5th Cir. 1996); and (4) Hickson has failed to show that the district court abused its discretion by denying his motion to call the prosecutor as a witness, see United States v. Bates, 600 F.2d 505, 511 (5th Cir. 1979); United States v. Crockett, 506 F.2d 759, 760 (5th Cir. 1975).

AFFIRMED.