IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40929
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORBERTO GOMEZ-PEREZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-178-1
- - - - - - - - - -
June 28, 2000

Before GARWOOD, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Norberto Gomez-Perez appeals his conviction after a jury trial of conspiracy to possess with intent to distribute marihuana and possession with intent to distribute marihuana in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841, 846. He argues that the evidence was insufficient to support his conviction.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed "in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Galvan, 949 F.2d 777, 783 (5th Cir. 1991) (internal quotations and citation omitted). Because Gomez-Perez did not move for a judgment of acquittal at the close of the Government's case or at the close of presentation of the evidence, this court's review of the sufficiency of the evidence is limited to the determination of whether there was a "manifest miscarriage of justice." United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996). A miscarriage of justice exists "only if the record is devoid of evidence pointing to guilt" or "the evidence on a key element of the offense was so tenuous that a conviction would be shocking." United States v. Laury, 49 F.3d 145, 151 (5th Cir. 1995) (internal quotations and citation omitted). Our review of the record does not support such a holding. See United States v. Barnard, 553 F.2d 389, 393 (5th Cir. 1977).

Therefore, Gomez-Perez's conviction is AFFIRMED.