IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 99-41303
Summary Calendar

———————————

JAMES RILEY CORNETT, JR.,

Plaintiff-Appellant,

versus

W.K. LONGOIS, Orange City Police
Department; K.C. BREASHERS; DONALD
MACDONALD; MARVIN HELMS, Captain,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CV-361
--------------------
September 27, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James Riley Cornett, Jr., federal prisoner # 03495-078, appeals the dismissal of his § 1983 lawsuit. He argues that the magistrate judge erred in dismissing for failure to state a claim his claims that Officer W.K. Longois violated his First Amendment rights by not permitting him to file a police report; that the appellees conspired to violate his Fourth Amendment rights by obtaining a search warrant based on false information; and that the appellees conspired to maliciously prosecute him.

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the magistrate judge did not specifically address the First Amendment claim as a separate claim, even if it is assumed that the claim was not part of the illegal-search claim, the failure to address it was harmless because Cornett does not provide any authority in support of the allegation that the inability to file a police report is a constitutional violation. See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). Moreover, the true nature of the claim appears to be that the officers' illegal search of his home violated his First and Fourth Amendment rights. Cornett is collaterally estopped from challenging the validity of the search warrant in his criminal case. See Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 868 (5th Cir. 2000); cf. Emich Motors v. General Motors, 340 U.S. 558, 568-69 (1951). Moreover, because the claim would implicate the validity of his criminal conviction if successful, it is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), as is the malicious prosecution claim.

Cornett next argues that the magistrate judge erred in dismissing his state-law defamation claim prior to trial on the merits of the excessive-force claim against Officer K.C. Breashers. Aside from being brought against the same defendant, the two claims do not arise out of a common nucleus of operative facts; the magistrate judge thus did not err in concluding that the claims did not involve the same case or controversy and, consequently, did not abuse his discretion in declining to exercise supplemental jurisdiction over the defamation claim. See 28 U.S.C. § 1367(a); Batiste v. Island Records, Inc., 179 F.3d 217, 226 (5th Cir. 1999),

cert. denied, 528 U.S. 1076 (2000); Burns-Toole v. Byrne, 11 F.3d 1270, 1276 (5th Cir. 1994).

Cornett additionally argues that the magistrate judge violated his due process rights in various ways before and during trial. He contends that he was not notified that he was required to request witness subpoenas and that the magistrate judge failed to subpoena witnesses on his behalf. However, Cornett simultaneously concedes that he was advised on numerous occasions that he would be required to request witness subpoenas, and the record establishes both that he was notified he would need to request subpoenas and that he failed to make such a request.

Cornett also complains that his due-process rights were violated when he was denied courtroom attire and access to his legal materials. However, he argues that prison officials, not the magistrate judge, denied these requests, and he has therefore failed to demonstrate that the magistrate judge violated his due-process rights.

Cornett's final contention is that the magistrate judge erred in denying his motion for a new trial. The thrust of his argument is that he discovered new evidence and witnesses at trial in support of his excessive-force claim and that the jury's verdict was contrary to the evidence. However, because Cornett has not submitted the trial transcript as part of the appellate record, this court will not review this claim. See Fed. R. App. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992); see also United States v. Johnson, 87 F.3d 133, 136 n.1 (5th Cir. 1996).

Cornett has not demonstrated any error in the district court's judgment. Accordingly, that judgment is AFFIRMED. Cornett's motion for the appointment of counsel is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.