IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41204
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HERNANDEZ LEON; ALBERTO LEON,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-154-1
--------------------
November 21, 2002

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Hernandez Leon and Alberto Leon appeal their
convictions after a jury trial for conspiracy to transport and
transporting certain aliens within the United States in violation
of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I),
1324(a)(1)(A)(v)(II).  Appellants contend that the evidence was
insufficient to support their convictions.  Alberto Leon also
argues that the district court committed plain error when it

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

instructed the jury regarding witness credibility and that he received ineffective assistance of counsel.

The Leons moved for a judgment of acquittal at the close of the Government's case but did not renew their motions at the close of their case. Therefore, we review the evidence to determine whether there was a manifest miscarriage of justice. United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996).

The Government set forth testimony of four aliens who were found within the Leon's trailers. Each admitted that they swam across the Rio Grande River to enter the country and that they were here illegally. The Government also independently verified that each alien was undocumented by checking their immigration status in the central index computer system, and by analyzing their fingerprints and photographs. Therefore, the Government set forth sufficient evidence of the status of the aliens to support the Leons' 8 U.S.C. § 1324 convictions. See United States v. Esparza, 882 F.2d 143, 145 (5th Cir. 1989); United States v. Nolasco-Rosas, 286 F.3d 762, 765 (5th Cir. 2002).

Juan Leon also argues that the evidence was insufficient to support his conspiracy conviction. The record shows that the Leons traveled in an indirect route to San Benito, Texas; were in frequent contact with each other; and left their trailers unlocked and unattended at night, with the rear doors facing an overgrown area known to be frequented by undocumented aliens. Upon returning, neither Leon inspected their trailer. This court

will not reverse the credibility determination of the jury, who heard testimony from both appellants and from Government witnesses and who concluded that Juan Leon engaged in a conspiracy to transport undocumented aliens within the United States.  See Martin v. Thomas, 973 F.2d 449, 453 (5th Cir. 1992).

Since Alberto Leon did not object in the district court to the witness credibility instruction, we review for plain error.  See United States v. McClatchy, 249 F.3d 348, 357 (5th Cir.) (citation omitted), cert. denied, 122 S. Ct. 217 (2001).  The credibility instruction conforms with this circuit's pattern jury instructions.  See Fifth Circuit Pattern Jury Instructions Criminal No. 1.08 (2001).  Alberto Leon has not demonstrated that this jury instruction incorrectly sets forth the law.

Alberto Leon also argues for the first time that trial counsel rendered ineffective assistance.  Claims of inadequate representation on direct appeal are only reviewed in rare cases where the record allows the court to fairly evaluate the merits. United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987).  This is not one of those rare cases, since the district court's record was not developed on this issue and an evaluation would require speculation.  See United States v. Bounds, 943 F.2d 541, 544 (5th Cir. 1991); United States v. Valuck, 286 F.3d 221, 229 (5th Cir. 2002).

For the foregoing reasons, the district court's judgment is AFFIRMED.