IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21262
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SHANNON MAYFIELD,

                                        Defendant-Appellant.


--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. H-01-CR-204-1
--------------------
January 10, 2003


Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]


    Shannon Mayfield appeals his conviction of, and sentence

for, aiding and abetting possession with intent to distribute

cocaine.  Mayfield argues that the evidence was insufficient to

support his conviction, because there was no evidence that he

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knew of the presence of the cocaine in his vehicle.  He also contends that he should not have received a two-level adjustment under the Sentencing Guidelines for obstruction of justice.

Because Mayfield did not renew his motion for a judgment of acquittal at the close of evidence, our review of the sufficiency of the evidence is limited to determining whether there was a manifest miscarriage of justice.  United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996).  In light of the ample evidence of Mayfield's knowing involvement in the cocaine transaction, this standard has not been met.

The district court did not clearly err in determining that Mayfield had committed perjury and suborned perjury at trial, thus warranting the adjustment for obstruction of justice.  See U.S.S.G. § 3C1.1; United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).  This determination did not impinge on Mayfield's right to defend himself.  See United States v. Dunnigan, 507 U.S. 87, 96 (1993); United States v. Como, 53 F.3d 87, 89 (5th Cir. 1995).

AFFIRMED.