IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50632
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD G. KIPP,
also known as Mark Perez,
also known as Ronald Kipp,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-249-01-H
--------------------
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Ronald G. Kipp appeals his conviction after a jury trial for possession with intent to distribute 50 or more grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 841, and being a felon in possession of firearms, in violation of 18 U.S.C. § 922.

Kipp argues that the district court abused its discretion under FED. R. EVID. 403 when it admitted into evidence, over his objection, a portion of his videotaped interview with authorities.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The videotape was relevant evidence, and in light of the entire proceedings, including the district court's limiting instruction, the challenged portion of the tape was not unfairly prejudicial. See United States v. Sprick, 233 F.3d 845, 856 (5th Cir. 2002); United States v. Torres, 114 F.3d 520, 526 (5th Cir. 1997); United States v. Hays, 872 F.2d 582, 587 (5th Cir. 1989). Accordingly, there was no abuse of discretion.

Kipp also argues that the district court erred when it refused to give the jury his proposed instruction on possession. The instruction that the district court gave closely tracks the Fifth Circuit's pattern jury instruction on possession. See Fifth Circuit Pattern Jury Instructions Criminal No. 1.31 (2001). Kipp's proposed instruction is applicable in cases where drugs are hidden in a vehicle and the defense is that the drugs were planted without the defendant's knowledge. See United States v. Pennington, 20 F.3d 593, 600 (5th Cir. 1994). The evidence does not indicate that the proposed instruction was warranted in Kipp's case. Additionally, the actual charge substantially covered the content of the proposed instruction, and the omission of the requested charge did not impair Kipp's ability to present his defense. See United States v. Jensen, 41 F.3d 946, 953 (5th Cir. 1994). Therefore, the district court's refusal to include the requested instruction was not an abuse of discretion. See United States v. Storm, 36 F.3d 1289, 1294 (5th Cir. 1994).

Kipp argues also that there was insufficient evidence to support his conviction.  Because Kipp failed to move for a judgment of acquittal at the close of the evidence, our review is limited to determining whether the record is devoid of evidence pointing to guilt.  See United States v. Herrera, _ F.3d _, (5th Cir. Nov. 26, 2002, No. 00-51177), 2002 WL 3165271 at *2.  Kipp personally rented the storage facility and selected the access code.  Without the code personally selected by Kipp, no one could enter Kipp's unit.  Kipp told authorities that he was a sergeant at arms in the Mexican Mafia, that it was his job to store weapons and drugs and distribute both to other mafia members, and that he could lead them to drugs and weapons in Texas.  The amount of methamphetamine that was found in the storage unit was approximately the same amount that Kipp indicated he could provide authorities.  Thus, consideration of the evidence, and reasonable inference drawn therefrom, in the light most favorable to the Government, see United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996), indicates that there was sufficient evidence to support Kipp's conviction.

Kipp has filed a motion requesting that this court allow his court-appointed counsel to withdraw, and Kipp seeks the appointment of new counsel.  Kipp's motion is denied as untimely.  See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998).

The judgment of the district court is AFFIRMED; MOTION DENIED.