United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-11389
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYNTHIA YVONNE BENNETT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-104-1-A
--------------------

Before REAVLEY, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Cynthia Yvonne Bennett appeals her conviction and sentence for possession with intent to distribute approximately 2,696.7 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Bennett argues that the evidence was insufficient to show that she knowingly and intentionally possessed the drugs. She also argues that the district court erred in increasing her offense level by two levels pursuant to U.S.S.G. § 3C1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Bennett did not move for judgment of acquittal at the close of the evidence, we review her challenge to the sufficiency of the evidence for a manifest miscarriage of justice and find none.  See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996).  The evidence supports Bennett's conviction.  See United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999); United States v. Pineda-Ortuno, 952 F.2d 98, 102 (5th Cir. 1992).

The district court did not clearly err in determining that Bennett had committed perjury at trial, thus warranting the adjustment for obstruction of justice.  See U.S.S.G. § 3C1.1; United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).  This determination did not impinge on Bennett's right to defend herself.  See United States v. Laury, 985 F.2d 1293, 1309 n.21 (5th Cir. 1993).

AFFIRMED.