United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 26, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 03-50249
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GILBERTO DAVID BALDERAS,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(DR-02-CR-113-1-WWJ)**

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gilberto David Balderas appeals his jury trial convictions for two counts of harboring illegal aliens (8 U.S.C. § 1324(a)(1)(A)(iii)) and for one count of conspiracy to harbor illegal aliens (8 U.S.C. § 1324(a)(1)(A)(v)(I)). Balderas contends that the evidence was insufficient to support his convictions because it proved, at most, that he provided illegal aliens with temporary shelter. Because Balderas did not move for a judgment of acquittal at the close of the evidence, our review is limited to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining whether there was a "manifest miscarriage of justice". *See* **United States v. Johnson**, 87 F.3d 133, 136 (5th Cir. 1996), *cert. denied*, 520 U.S. 1192 (1997).

An individual violates 8 U.S.C. § 1324(a)(1)(A)(iii) if he knowingly "conceals, harbors, or shields from detection" an illegal alien. Because affording shelter to an illegal alien is conduct which by its nature tends to substantially facilitate the alien's remaining in the United States illegally, providing shelter to illegal aliens constitutes harboring illegal aliens under 8 U.S.C. § 1324(a)(1)(A)(iii). *See* **United States v. Cantu**, 557 F.2d 1173, 1180 (5th Cir. 1977), *cert. denied*, 434 U.S. 1063 (1978); *see also* **United States v. Acosta De Evans**, 531 F.2d 428, 430 (9th Cir.), *cert. denied*, 429 U.S. 836 (1976); **United States v. Lopez**, 521 F.2d 437, 440 (2d Cir.), *cert. denied*, 423 U.S. 995 (1975).

There was no manifest miscarriage of justice, because the record is not "devoid of evidence" pointing to Balderas' guilt nor is the evidence so tenuous that Balderas' convictions are shocking. *See* **United States v. Laury**, 49 F.3d 145, 151 (5th Cir.), *cert. denied*, 516 U.S. 857 (1995). For example, there was evidence that: next to Balderas' residence was a red light that could function as a signal to aliens; Balderas' wife let a group of aliens into their home; she informed Balderas that there were illegal aliens staying there; and he told her he did not care.

**AFFIRMED**