United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2004

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 03-30120
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

PHIL ANDREW WILSON,

Defendant-
Appellant.

-----------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CR-50038-1
-----------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges:

PER CURIAM:[*]

Phil Andrew Wilson appeals his convictions for conspiracy to possess with intent to distribute

50 grams or more of cocaine and cocaine base and possession with intent to distribute 50 grams or

more of cocaine and cocaine base.

Wilson argues that there was insufficient evidence to support his convictions because the only

evidence of his involvement was the allegedly unsupported, inconsistent, and false testimony of two

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

co-defendants. Because he did not move for a judgment of acquittal below, our review is limited to a determination whether there was a "manifest miscarriage of justice." See United States v. Johnson, 87 F.3d 133, 136 (5th Cir. 1996) (internal quotation and citation omitted). We conclude that the testimony of Wilson's co-defendants was not factually insubstantial or incredible, and therefore it was sufficient to support his convictions. See United States v. Medina, 161 F.3d 867, 872-73 (5th Cir. 1998); see also United States v. Greenwood, 974 F.2d 1449, 1458 (5th Cir. 1992) ("Assessing the credibility of witnesses and weighing the evidence is the exclusive province of the jury.").

Because the cocaine was found in a hidden compartment of a vehicle, Wilson argues that the district court erred by not including an instruction on guilty knowledge. Plain error review applies because counsel did not request the instruction and did not object to the instructions given. See United States v. Daniels, 281 F.3d 168, 183 (5th Cir.), cert. denied, 535 U.S. 1105 (2002). Because the instructions given followed this court's Pattern Jury Instructions, and because the jury was properly instructed on the substantive offenses, we conclude that Wilson has not shown that the district court plainly erred. See United States v. Cano-Guel, 167 F.3d 900, 905 (5th Cir. 1999).

Appellant's brief also includes several *pro se* issues briefed by Wilson rather than counsel. Although included with counsel's brief, counsel has not adopted these issues. Wilson does not have a "constitutional right to hybrid representation." See United States v. Ogbonna, 184 F.3d 447, 449 n. 1 (5th Cir. 1999); see also 5TH CIR. R. 28.7 ("Unless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel."). Therefore, we do not consider these issues.

AFFIRMED.