IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 3, 2008

Charles R. Fulbruge III
Clerk

No. 07-10530

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MANUEL ROMERO-CHAVEZ

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CR-59-ALL

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Romero-Chavez appeals his conviction for being an inmate in possession of a prohibited object. He contends that insufficient evidence supported his conviction; alternatively, he contends that the district court erred by making an improper comment in front of the jury and by providing a misleading answer to a request the jury made during deliberations. For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1.  Romero first contends that there was insufficient evidence to support his conviction because the object he possessed (a vegetable knife) is not a "prohibited object," as that phrase is defined in 18 U.S.C. § 1791. A "prohibited object" is defined as, among other things, a "weapon" or an object "designed or intended to be used as a weapon." 18 U.S.C. § 1791(d)(1). Thus, the Government needed to prove that the vegetable knife was a weapon, an object designed to be a weapon, or an object intended to be used a weapon. See United States v. Johnson, 87 F.3d 133, 136 n.2 (5th Cir. 1996) ("[A] disjunctive statute may be pleaded conjunctively and proved disjunctively." (internal citation and quotation marks omitted)). Viewing the evidence in the light most favorable to the verdict, a rational juror could have found that Romero possessed the knife to defend himself (i.e., as an object intended to be used as a weapon) and not simply as a ticket to solitary confinement, as he claimed at trial. While some evidence indicated that Romero never intended to use the knife as a weapon, other evidence (including Romero's own statements) indicated that he did. Given the conflicting evidence, a rational juror could have found that Romero intended to use the knife as a weapon.

2.  Romero next contends that the evidence establishes that he met his defense of duress as a matter of law. To prove his defense, Romero needed to show, among other things, that he "had no reasonable legal alternative to violating the law." United States v. Willis, 38 F.3d 170, 175 (5th Cir. 1994) (internal citation omitted). Viewing the evidence in the light most favorable to the verdict, a rational juror could have concluded that Romero failed to establish that element. A rational juror could have concluded that providing prison officials with more detailed information about the threats he

2

had received was a reasonable legal alternative to taking the knife. While Romero testified why providing prison officials with more information might not be a reasonable alternative, the jury was entitled to conclude to the contrary.

3. Romero also contends that he was prejudiced when the district court sustained a Government objection during his cross-examination and purportedly made a comment that undermined his defense. Romero argues that the comment signaled to the jury that the district court agreed with the Government that he was providing elusive answers and that his testimony was not credible. Because Romero did not object below, we review for plain error.

The district court's comment was within its wide discretion to control the tone and tempo of the trial and did not constitute plain error. See United States v. Saenz, 134 F.3d 697, 701, 704 (5th Cir. 1998). The court's single comment was not quantitatively or qualitatively substantial, and the district court instructed the jury that it was not to consider such comments in its deliberations. See id.; United States v. Bermea, 30 F.3d 1539, 1571–72 (5th Cir. 1994).

4. Finally, Romero contends that the district court prejudiced the outcome of his trial by responding incompletely to the jury's request to review trial testimony. Romero argues that the district court did not provide all of the transcript sections that were encompassed by the jury's request and omitted relevant evidence that may have influenced the jury's verdict. As Romero made no objection below, our review is again for plain error.

"[A] trial judge has broad discretion in responding to the jury's request for the transcript of a particular witness'[s] testimony[.]" United States v. Schmitt, 748 F.2d 249, 256 (5th Cir. 1984). The testimony that Romero argues was improperly omitted was not

responsive to the jury's request; although the additional testimony may have provided context to the excerpt provided to the jury, the district court did not plainly err in limiting its response to the portion of the transcript that was directly responsive.

AFFIRMED.